IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JOSE CRUZ ELIAS**<br>*Plaintiff*<br><br>vs.<br><br>**AMERICAN LONGSHORE MUTUAL ASSOCIATION (CARRIER), AND**<br>**KEPPEL AMFELS, INC.**<br>*Defendants.* | § § § § § § § § § § § §<br><br>C.A. No. 14-CV-242<br><br>Rule 9(h) Admiralty and<br>Federal Question(JURY) |

## ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT OF JOSE CRUZ ELIAS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Jose Cruz Elias ("Cruz Elias" or Plaintiff) and files this Original Complaint and Request for Declaratory Judgment against American Longshore Mutual Association (Alma) and Keppel Amfels, Inc. (Amfels) (Collectively Employer/Carrier), and would respectfully ask the court to enter declaratory judgment in Cruz Elias's favor finding that Employer/Carrier waived their subrogation rights via contract, and therefore may not recover its lien from Cruz Elias's third party settlement.

## I.
## PARTIES

1. **Jose Cruz Elias** is a Citizen and resident of Texas.

2. **American Longshore Mutual Association ("ALMA" or "Carrier")** is a foreign corporation doing business in the United States for profit. ALMA is a Bermuda domiciled group self-insurance fund whom provides coverage for liabilities its members under the United States Longshore & Harbor Workers' Compensation Act and has filed suit and

appeared in the Courts in this judicial district and is amenable to process in this district.

3. Defendant Keppel AmFELs, Inc. is a Texas company that may be served through its registered agent Geok S. Tan at 20,000 South Highway 48, Brownsville, Texas 78523.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1333, 2201, 2202 and Rule 9(h) of the Federal Rules of Civil Procedure as this dispute involves a maritime contract and a dispute involving a maritime lien under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. §§ 900 et seq. Venue is proper inasmuch as the Plaintiff resides in the Southern District of Texas and the marine contract was executed and performed in the Southern District of Texas.

## III.
## BACKGROUND FACTS

5. This case involves a waiver of subrogation contained in a leased labor agreement between Defendant Amfels and Plaintiff's employer, De-Val Construction LTD d/b/a AD Welding Company (De-Val). The Leased Labor Agreement is attached hereto as Exhibit "A" (hereinafter the "Contract").

6. Cruz Elias was an employee of De-Val Construction and was working as a borrowed employee of Amfels under the Contract at the time of his injury which brought on the underlying lawsuit and third-party lawsuit and settlement.

7. On July 31, 2010, Cruz Elias was injured on the job at Amfels aboard a semi-submersible rig adjoining the navigable waters of the United States and sustained serious injuries. At the time, he was engaged in a traditional maritime activity as a ship repairer.

8. Subsequently, Cruz Elias was provided voluntary compensation benefits by Employer/Carrier under its legal obligations under the Longshore and Harbor Worker's

Compensation Act. 33 U.S.C. §§ 901 et seq.

9. As a result of Cruz Elias's injuries, he brought a third party claim against EJV Sandblasting & Coating, LLC. (EJV) (The Third Party Lawsuit). EJV

10. On or about May 21, 2014, Cruz Elias agreed to defendant's settlement offer in the Third Party Claim against EJV. The formal settlement agreement was signed on June 2, 2014. Cruz Elias now seeks a declaration from this court that Employer/Carrier waived its right to recover its lien by way of the Waiver of Subrogation clause in the Contract.

11. Specifically, the Contract contains the following pertinent language:

> . . .The following insurance coverage's and amounts are to be put in place as follows:
>
> > b. All policies of insurance carried by DE-VAL, whether listed herein or not, shall be endorsed with a full waive of subrogation in favor of K-AmFELS and its subsidiaries, affiliates or inter related companies, and customers and such other entities or persons as K-AmFELS shall designate (collectively the "K-AmFELS Group") for all claims, demands, and causes of action of every kind and character arising out of or resulting from or incident to or in connection with the work or services that are the subject matter of this Agreement for which DE-VAL has assumed liability and agreed to indemnify K-AmFELS or such other parties.
>
> > 4. K-AmFELS shall carry comprehensive General Liability Insurance of ISO Form CG 0001 or equivalent and on an occurrence basis with limits of $1,000,000 applicable to bodily injury, sickness or death in any one occurrence and $1,000,000 for loss of or damage to property in any one occurrence, subject to any aggregate limitations from time to time in effect. Such policy shall be endorsed to provide that DE-VAL is named as an additional insured with a full waive of subrogation but only with respect to K-AmFELS' work as defined in said policy. K-AmFELS shall deliver to DE-VAL a Certificate of Insurance certifying the existence and limits of insurance coverage's and noting the applicable endorsement described above. The securing of said insurance by K-AmFELS and the naming of DE-VAL as an additional insured full with waiver of subrogation as provided herein shall in no way

or manner affect or limit K-AmFELS' indemnity obligations as contained in this Agreement

*See* Exh. A at pp. 2-3, ¶¶1, 1(a); 4.

12. The Contract also contained a WORK ASSIGNMENT/SUPERVISION clause that deemed all personnel supplied under the Contract to be borrowed employees of Amfels for purposes of the Longshore & Harbor Worker's Compensation Act. *See* Exh. A at pg 4 ¶ 5. This provision covers EJV workers.

## IV
## REQUEST FOR DECLARATORY JUDGMENT

13. Plaintiff incorporate paragraphs 1-12 as if fully set forth herein.

14. An actual, justiciable controversy exists between the Plaintiff and ALMA and Amfels as to the validity of the Employer Carrier's ability to recover its lien based on the waiver of subrogation found in the Contract between Cruz Elias's employer and Keppel AmFels Shipyard which <u>specifically waives subrogation rights</u>. Fifth Circuit case law is clear that when an employer waives its right to subrogation, it may not recover its lien, and its only remedy is to terminate future compensation benefits. *Allen v. Texaco, Inc.*, 510 F.2d 977, 982 (5th Cir. 1975) (when a right to subrogation is waived, the insurer has "no standing to protest the Plaintiff's possible double recovery"); *Stewart v. Cran-Vela Rental Co, Inc.*, 510 F.2d 982 (5th Cir. 1975); *Trosclair v. Chevron U.S.A., Inc.*, 161 F.Supp.2d 739, 742 (S.D. Tex. 2001). Under guiding Circuit precedent, AmFels (and ALMA by proxy) waived its right to recover its lien by inserting the waiver of subrogation into its Leased Labor agreement with De-Val which also covered EJV sandblasting as a subcontractor/borrowed employee. 33 U.S.C. § 933(h).

15. In light of the foregoing, Cruz Elias requests recovery of his reasonable attorney's fees necessarily expended in the defense of these actions. TEX CIV. PRAC. & REM. Code § 37.004.

# V.
# PRAYER

**BASED UPON THE FOREGOING**, **Jose Cruz Elias** prays that process in due form of law issue against Defendants American Longshore Mutual Association, and Keppel AmFELs, Inc., that they be required to answer this Complaint and that, upon final hearing of this action, judgment be entered in favor of Jose Cruz Elias in finding that ALMA and Amfels collectively as Employer/Carrier waived their right to recover the lien on Cruz Elias's tort settlement as well as attorneys' fees and all other damages sustained by Jose Cruz Elias and that he have such other and further relief to which he may show himself to be justly entitled. Respectfully submitted, this 5th day of June, 2014.

/s/ *ABRAHAM MOSS*
**ABRAHAM MOSS**
TX BAR # 14581700
FED. BAR #364
AMOSS@MOSSLAW.CC
5350 S. STAPLES, SUITE 209
CORPUS CHRISTI, TEXAS 78411
(361) 992-8999
(361) 232-5007

-AND-

THE CREW LAW FIRM, P.C.

/s/ *Paxton N. Crew*
**Paxton N. Crew**
SDTX 859147
TBA No. 24058720
2600 South Shore Blvd. Suite 300
Marina View Building
League City, Texas 77573
Telephone 281-245-3385
Facsimile 281-245-3386
Paxton@thecrewlawfirm.com