# LEASED LABOR AGREEMENT

This is an Agreement between DE-VAL CONSTRUCTION LTD d/b/a AD Welding Company, (hereinafter referred to as "DE-VAL") and Keppel AmFELS, Inc. (hereinafter referred to as "K-AmFELS"), for the provision of leased labor services. DE-VAL and K-AmFELS are collectively referred to in this Agreement as the "Parties".

## RECITAL

The purpose of this agreement is to state the terms and conditions under which DE-VAL will provide leased labor personnel services to K-AMFELS. For and in consideration of the covenants and provisions hereof, and to induce K-AmFELS to hire leased labor services from DE-VAL, the parties hereby agree as follows:

## SERVICES PROVIDED

DE-VAL will provide leased labor to K-AmFELS in the numbers, skills and duration requested by K-AmFELS. DE-VAL agrees that it shall supply leased labor solely to K-AmFELS. Furthermore, DE-VAL agrees to have all labor personnel provided under this Agreement to execute Exhibit "A", which is attached to this Agreement. The rate of pay of the leased labor is as determined by K-AmFELS. All personnel approved by K-AmFELS must pass a pre-employment physical and drug test. The pre-employment physical examination and drug test must be administered by Dr. Jose Kuri or by another physician approved by K-AmFELS

## FEE

K-AmFELS shall pay DE-VAL 6.5% (six and a half percent) of the actual gross payroll (excluding Payroll taxes) for leased labor services provided. K-AmFELS will compute the weekly payment to DE-VAL for labor services provided based on timesheet signed by K-AmFELS' designated representative as approved. Any overpayment made by K-AmFELS shall be promptly reimbursed to K-AMFELS upon demand or upon discovery.

All new or rehired employees' will be responsible for the cost of pre-employment physical examinations. Amounts paid are eligible for reimbursement after meeting certain criteria as defined by K-AmFELS.

K-AmFELS shall pay DE-VAL'S share of FICA as additional fee under this Agreement. FUTA (Federal Unemployment Taxes) and SUTA (State Unemployment Taxes) will also be paid as additional fee under this agreement. Payment will be made after receipt and acceptance of the respective FUTA and SUTA statutory reports. DE-VAL shall indemnify, defend, and hold harmless K-AmFELS from all liability form of payments, fines, penalties, assessments, and other damages that result DE-VAL failure to pay any and all of its obligations when due with regards to employee reporting.

K-AmFELS agrees to pay all insurance deductibles and self-insured retentions, which may be required of DE-VAL under the Workers Compensation insurance policy and any other documented out-of-pocket expenses incurred by DE-VAL in the defense of K-AmFELS or its designees to DE-VAL as an additional fee for services provided under this Agreement.

Furthermore, K-AmFELS agrees to pay for any and all fines assessed against DE-VAL for citations issued to DE-VAL employees by regulatory agencies while working at the K-AmFELS facility, other than fines assessed by the Department of Homeland Security (formerly known as the Immigration and Naturalization Service). DE-VAL shall comply with all applicable laws, rules, and regulations, state, federal, or local, in the recruitment of employees under this Agreement and shall indemnify, defend, and hold harmless K-AmFELS from all fines, penalties, assessments, and other damages as a result of any violation by DE-VAL of same.

## ADMINISTRATION

K-AmFELS will provide timesheets for leased labor personnel from DE-VAL. K-AmFELS will verify charge codes and hours of leased labor personnel from DE-VAL by its own supervisors and process the timesheets. K-AmFELS shall generate invoice for DE-VAL in accordance with the provisions contained in this Agreement.

Based on the timesheets of workers supplied by DE-VAL each week, K-AmFELS will remit payment for said hours approved and accepted by K-AmFELS on Thursday of the following week. K-AmFELS shall wire transfer the invoice amount (gross payroll and the fee of 6.5%) and applicable FICA payroll tax by noon every Thursday. All information required for the processing of weekly paychecks of leased labor personnel shall be transmitted to DE-VAL by 5pm every Wednesday.

## TERM OF AGREEMENT

The term of this Agreement shall begin as of January 01, 2009 and shall remain in full force and in effect until either party may terminate it with not less than 30 days written notice. Upon termination, neither party shall have any liability or obligation to the other accruing from and after the effective date of termination.

## INSURANCE

1. DE-VAL shall maintain at all times insurance coverage's with an insurance company or companies acceptable to K-AmFELS and with policy terms and conditions including coverage's, exclusions, limits, and deductibles acceptable to K-AmFELS, and authorized to do business in the states where leased labor is to be supplied. The following insurance coverage's and amounts are to be put in place as follows:

   a. Workers' Compensation insurance in full compliance with all applicable state and federal laws and regulations, including coverage under the Texas Workers' Compensation statute and the Longshore & Harbor Workers' Compensation Act, and Employers' Liability Insurance (including Maritime Employers Liability when required by K-AmFELS ) on an occurrence basis of $ 1,000,000 per occurrence covering injury, illness, or death to any employee or leased employee and including a borrowed servant/alternate employer endorsement.

   b. All policies of insurance carried by DE-VAL, whether listed herein or not, shall be endorsed with a full waive of subrogation in favor of K-AmFELS and its subsidiaries, affiliates or inter related companies, and customers and such other entities or persons as K-AmFELS shall designate (collectively the "K-AmFELS Group") for all claims, demands, and causes of action of every kind and character

arising out of or resulting from or incident to or in connection with the work or services that are the subject matter of this Agreement for which DE-VAL has assumed liability and agreed to indemnify K-AmFELS or such other parties.

c. All insurance required hereunder or otherwise carried by DE-VAL shall be issued by American Insurance Companies rated by A.M. Best Company as A+IX or higher or by Underwriters at Lloyds of London or with the Institute of London Underwriters Companies unless otherwise agreed to in advance by K-AmFELS Inc., and shall not be canceled, altered or amended, or not renewed without thirty (30) days prior written notice having first been furnished to K-AmFELS

2. Prior to the commencement of the work or services, DE-VAL shall deliver to K-AmFELS a Certificate of Insurance certifying the existence and limits of insurance coverage's and noting the applicable endorsement described above, and shall deliver the same to K-AmFELS.

3. The securing of said insurance by DE-VAL and the waiver of subrogation by DE-VAL and its insurers in favor of the members of the K-AmFELS Group as provided herein shall in no way or manner affect or limit DE-VAL'S indemnity obligations as contained in this Agreement.

4. K-AmFELS shall carry comprehensive General Liability Insurance of ISO Form CG 0001 or equivalent and on an occurrence basis with limits of $1,000,000 applicable to bodily injury, sickness or death in any one occurrence and $1,000,000 for loss of or damage to property in any one occurrence, subject to any aggregate limitations from time to time in effect. Such policy shall be endorsed to provide that DE-VAL is named as an additional insured with a full waive of subrogation but only with respect to K-AmFELS' work as defined in said policy. K-AmFELS shall deliver to DE-VAL a Certificate of Insurance certifying the existence and limits of insurance coverage's and noting the applicable endorsement described above. The securing of said insurance by K-AmFELS and the naming of DE-VAL as an additional insured full with waiver of subrogation as provided herein shall in no way or manner affect or limit K-AmFELS ' indemnity obligations as contained in this Agreement

## WORK ASSIGNMENT/SUPERVISION

K-AmFELS has the exclusive right to control all personnel provided by DE-VAL under this Agreement. More specifically K-AmFELS retains the right to:

a. Supervise all personnel in the work being performed and controlling the details of the work performed and the manner in which the work will be performed, including but not limited to giving job assignments and inspection of all worked performed.

b. All work performed will be for the benefit of K-AmFELS and said work will be performed at K-AmFELS facility located at Port of Brownsville, Texas or at other areas as designated by K-AmFELS .

  c. All tools except those hand tools usually furnished by semi-skilled or skilled personnel will be provided by K-AmFELS.

  d. K-AmFELS retains the right to terminate the services of any personnel provided under this Agreement.

5. All personnel supplied under this Agreement will be considered "borrowed servants" of K-AmFELS. As such, K-AmFELS will be considered the borrowing employer for purposes of the Texas Worker's Compensation Act and the Longshore and Harbor Worker's Compensation Act and any other maritime laws. Further, in the event any borrowed servant is injured while working at K-AmFELS their sole remedy will be their worker's compensation benefits.

6. It is understood that all DE-VAL'S leased labor personnel provided to K-AmFELS under this agreement have acquiesced to working at K-AmFELS and agree to comply with its policies, rules and regulations, but are not limited to the rules, regulations, and substance abuse policies implemented by K-AmFELS Safety Heath and Environmental Department.

### INDEMNITY

  INDEMNITY FROM DE-VAL TO K-AmFELS - DE-VAL SHALL PROTECT, DEFEND, RELEASE, INDEMNIFY AND HOLD HARMLESS THE MEMBERS OF THE K-AmFELS GROUP AND THEIR RESPECTIVE OFFICERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES, AGENTS, AND REPRESENTATIVES (COLLECTIVELY THE "K-AMFELS INDEMNITEES") FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LIABILITIES (INCLUDING BUT NOT LIMITED TO THOSE INVOLVING ENVIRONMENTAL, HEALTH AND SAFETY MATTERS), LOSSES, DAMAGES, PROCEEDINGS, CAUSES OF ACTION, SUITS, JUDGMENTS', AND EXPENSES (INCLUDING COURT COSTS, ATTORNEYS' FEES AND OTHER LITIGATION COSTS) SUFFERED WITH RESPECT TO:

  (i) PERSONAL INJURY (INCLUDING ILLNESS, BODILY INJURY OR DEATH) OF EMPLOYEES, AGENTS, OR REPRESENTATIVES OF DE-VAL AND/OR

  (ii) ALL LOSS OF DAMAGE OR DESTRUCTION OF DE-VAL FURNISHED ITEMS OR PROPERTY OWNED OR HIRED BY DE-VAL,

  ARISING OUT OF, OR OCCASIONED BY, DIRECTLY OR INDIRECTLY, THE PERFORMANCE OF DE-VAL UNDER THIS AGREEMENT OR THE BREACH HEREOF AND/OR THE PERFORMANCE OF AN DE-VAL EMPLOYEE OR AGENT OR REPRESENTATIVE UNDER THIS AGREEMENT WHETHER FOR THE BENEFIT OF DE-VAL OR FOR THE BENEFIT OF K-AmFELS, INCLUDING CLAIMS

DE-VAL Leased Labor Agreement
FA/2009/01/04/st                                                                                 Page 4

AND DAMAGES ARISING IN WHOLE OR IN PART FROM THE NEGLIGENCE OR STRICT LIABILITY OF ANY K-AmFELS INDEMNITEE OR ANY THIRD PARTY, OR THE UNSEAWORTHINESS OF ANY VESSEL, THE PRESENCE OF ANY PERSON AT ANY JOB SITE OR LOCATION, OR TRANSPORTATION THEREOF TO OR FROM ANY JOB SITE OR LOCATION, AND REGARDLESS OF WHETHER PRE-EXISTING THE EXECUTION OF THIS AGREEMENT. IT IS THE EXPRESSED INTENT OF THE PARTIES TO THIS AGREEMENT THAT THE INDEMNITY PROVIDED FOR IN THIS SECTION IS AN INDEMNITY EXTENDED BY DE-VAL TO INDEMNIFY AND PROTECT THE K-AMFELS INDEMNITEES FROM THE CONSEQUENCES OF THEIR OWN NEGLIGENCE, WHETHER THAT NEGLIGENCE IS THE SOLE OR CONTRIBUTORY CAUSE OF THE RESULTANT INJURY, DEATH OR DAMAGE. SUBJECT TO AGREEMENT OF DE-VAL'S UNDERWRITERS, K-AmFELS SHALL BE ENTITLED TO APPROVE THE COUNSEL WHICH WILL DEFEND THE K-AmFELS INDEMNITEES.

INDEMNITY FROM K-AMFELS TO DE-VAL - K-AMFELS SHALL PROTECT, DEFEND, RELEASE, INDEMNIFY AND HOLD HARMLESS DE-VAL AND ITS OFFICERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES, AGENTS, AND REPRESENTATIVES (COLLECTIVELY THE "DE-VAL INDEMNITEES") FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LIABILITIES (INCLUDING BUT NOT LIMITED TO THOSE INVOLVING ENVIRONMENTAL, HEALTH AND SAFETY MATTERS), LOSSES, DAMAGES, PROCEEDINGS, SUITS, JUDGMENTS, CAUSES OF ACTION AND EXPENSES (INCLUDING COURT COSTS, ATTORNEYS' FEES AND OTHER LITIGATION COSTS) SUFFERED WITH RESPECT TO:

(iii)   PERSONAL INJURY (INCLUDING ILLNESS, BODILY INJURY OR DEATH) OF DIRECT (IE. NON- BORROWED SERVANT) EMPLOYEES OF K-AmFELS, ITS AFFILIATES, SUBSIDIARIES, OR INTER-RELATED COMPANIES AND/OR

(iv)   ALL LOSS OF, DAMAGE OR DESTRUCTION OF PROPERTY OF K-AmFELS OR ITS SUBSIDIARIES, AFFILIATES, OR INTER-RELATED COMPANIES,

ARISING OUT OF, OR OCCASIONED BY, DIRECTLY OR INDIRECTLY, THE PERFORMANCE OF DE-VAL UNDER THIS AGREEMENT OR THE BREACH HEREOF AND/OR THE PERFORMANCE OF AN DE-VAL EMPLOYEE OR AGENT OR REPRESENTATIVE UNDER THIS AGREEMENT WHETHER FOR THE BENEFIT OF DE-VAL OR FOR THE BENEFIT OF K-AmFELS, INCLUDING CLAIMS AND DAMAGES ARISING IN WHOLE OR IN PART FROM THE NEGLIGENCE OR STRICT LIABILITY OF ANY DE-VAL INDEMNITEE OR ANY THIRD PARTY, OR THE UNSEAWORTHINESS OF ANY VESSEL, THE PRESENCE OF ANY PERSON AT ANY JOB SITE OR LOCATION, OR TRANSPORTATION THEREOF TO OR FROM ANY JOB SITE OR LOCATION, AND REGARDLESS OF WHETHER PRE-EXISTING THE EXECUTION OF THIS AGREEMENT. IT IS THE EXPRESSED INTENT OF THE PARTIES TO THIS AGREEMENT THAT THE INDEMNITY PROVIDED FOR IN THIS SECTION IS AN INDEMNITY EXTENDED BY K-AMFELS TO INDEMNIFY AND PROTECT THE DE-VAL INDEMNITEES FROM THE CONSEQUENCES OF THEIR OWN NEGLIGENCE, WHETHER THAT

NEGLIGENCE IS THE SOLE OR CONTRIBUTORY CAUSE OF THE RESULTANT INJURY, DEATH OR DAMAGE. SUBJECT TO AGREEMENT BY K-AmFELS' UNDERWRITERS, DE-VAL SHALL BE ENTITLED TO APPROVE THE COUNSEL WHICH WILL DEFEND THE DE-VAL INDEMNITEES.

## RELATIONSHIP BETWEEN PARTIES

==Neither DE-VAL nor its employees are agents or employees of K-AmFELS== and are not entitled to benefits provided by K-AmFELS to its employees, including but not limited to health and life insurance benefits, welfare benefits and unemployment insurance. DE-VAL will be responsible for making all deductions required of employers by state, federal and local laws, including but not limited to deductions for social security and withholding taxes, and contributions for unemployment insurance compensation for all personnel provided under this Agreement. DE-VAL agrees to demonstrate to K-AmFELS by way of a letter to be submitted to K-AmFELS Chief Financial Officer upon request that DE-VAL is complying with this Agreement concerning the withholding and payment of all payroll taxes for all labor personnel assigned to work at K-AmFELS. Contractor agrees that neither Contractor nor its affiliates shall recruit or hire any workers that are working at K-AmFELS at any time, whether K-AmFELS' direct employees or employees of other leased labor contractors and for a period of ninety (90) days after termination of employment with K-AmFELS or its other leased labor contractors for any reason including resignation. K-AmFELS agrees not to recruit for employment any labor personnel provided under this Agreement for a period of one hundred and fifty (150) days from the date they are assigned to work at K-AmFELS. Thereafter, K-AmFELS has the right to recruit and place on its payroll any labor personnel provided under this agreement without any obligation to DE-VAL.

If affiliates of Contractor are providing similar services to other employers in the construction or repair industry, Contractor will provide K-AmFELS the quantity of labor services an positions (crafts) being provided to said employer. The purpose of this is to avoid any conflict of interest by either party. Failure to declare such information shall give K-AmFELS the right to take appropriate action up to and including the termination of this Agreement.

Nothing in this Agreement shall be deemed to require K-AmFELS to obtain leased labor exclusively from DE-VAL or to require K-AmFELS to use any minimum number of DE-VAL leased labor at any time.

## WAIVER OR MODIFICATION

A waiver, alteration, or modification of any of the provisions of this Agreement shall not be binding unless in writing and signed by authorized representatives of the parties to this Agreement.

## ATTORNEY FEES AND COST

If any action of law or in equity is necessary to enforce or interpret the terms of this Agreement the prevailing party shall be entitled to reasonable attorney's fees, costs, expert witness fees, and other necessary disbursements in addition to any other relief to which such party may be entitled.

## MISCELLANEOUS PROVISIONS

### TEXAS LAW TO APPLY

This Agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the Parties created in this Agreement are performable in Cameron County, Texas.

### LEGAL CONSTRUCTION

In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision in this Agreement and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained in it.

### WORK RELATED ACCIDENTS

K-AmFELS will be responsible for investigating all work-related accidents involving labor personnel provided under this Agreement. Upon notification by DE-VAL, K-AmFELS will be responsible for reporting all accidents, injuries or claims to the Texas Worker's Compensation Commission or the Department of Labor.

DE-VAL will also be responsible for reporting and maintaining any and all OSHA required records.

DE-VAL agrees to fully cooperate with K-AmFELS and the Insurance Carrier in defending claims under the Longshore and Harbor Workers Compensation Act; including but not limited to authorizing the K-AmFELS HSE Manager to sign responses to discovery as DE-VAL agent for that limited purpose, allowing K-AmFELS HSE Manager or other designated personnel to represent DE-VAL interest at Informal Conferences and Formal Hearings before the United States Department of Labor, providing K-AmFELS' Human Resource Department and K-AmFELS Heath Safety and Environmental Department with access to and copies of personnel files relevant to the defense of these claims, and providing wage statements as requested by the K-AmFELS Safety Office. K-AmFELS agrees to provide DE-VAL upon request with copies of any documentation related to investigations of work related accidents involving leased labor personnel provided under this Agreement. K-AmFELS agrees to keep DE-VAL fully informed of all claims, which K-AmFELS represents DE-VAL pursuant to this Agreement.

### AUDIT

K-AmFELS reserves the right to audit DE-VAL records regarding amounts paid or payable under this Agreement, at any time from commencement of this Agreement up to a period of three (3) years following the termination of this Agreement to ensure compliance with the terms and conditions of this Agreement. DE-VAL shall maintain its records for the entire audit period.

## NOTICES

All notices hereunder shall be in writing and shall be sent to the parties at their addresses set forth below. Notices may be sent by courier, confirmed fax or certified mail, return receipt requested, and shall be effected when sent.

DE-VAL Inc.,
Contact: Mr. Alfredo De La Fuente
7620 VICTORIA CT. SUITE 4
BROWNSVILLE TEXAS 78521
Fax: (956) 838-5051

Keppel AmFELS, Inc.
Contact: Mr. Gilbert Elizondo
20000 S. HIGHWAY 48
BROWNSVILLE
TX 78523
Fax: (956) 838-2023

## PRIOR AGREEMENTS ARE SUPERSEDED

This Agreement constitutes the entire Agreement of the Parties concerning this subject matter and supersedes any prior understandings, oral or written agreements between the parties.

Executed in Brownsville, Texas Cameron County on January 01, 2009.

DE-VAL Inc.,

By: _____
Alfredo De La Fuente – President

Keppel AmFELS Inc.,

By: _____
GS Tan – CEO / President

Keppel AmFELS Inc.,

By: _____
Gilbert Elizondo / VP Human Resources